NOLAN R. JONES, ESQ. / SBN: 309151
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
DBBWC-ESERVICE@dbbwc.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK VALINE, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(Federal Tort Claims Act)** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff MARK VALINE alleges:

1. Plaintiff MARK VALINE is a resident of the County of Yuba, California.

2. At all times herein mentioned, Defendant UNITED STATES OF AMERICA is sued pursuant to the Federal Tort Claims Act for the negligent acts of its employee, Jarred Teehan, who at all relevant times was acting within the course and scope of his employment with the United States Air Force at Beale Air Force Base. Pursuant to 28 U.S.C. § 2679(b)(1), the United States is the exclusive defendant for torts committed by federal employees acting within the scope of their employment.

3. **JURISDICTION.** This Court has original jurisdiction over this matter arising under the Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1), 2671–2680, because the claim alleges torts committed by agents or employees of the United States government in the course and scope of their employment.

///

4. **VENUE.** Venue is proper in the Eastern District of California under 28 U.S.C. § 1402(b) because Plaintiff resides in this District and the acts and omissions complained of occurred in this District.

5. Plaintiff has properly complied with 28 U.S.C. Section 2675, presenting a Claim to the UNITED STATES OF AMERICA on March 18, 2025. The United States Air Force issued a final written denial of Plaintiff's claim on August 6, 2025. This action is filed within six months of the mailing of that denial. 28 U.S.C. § 2401(b). The administrative claim was timely presented within two years of accrual. 28 U.S.C. § 2401(b).

6. **FACTS COMMON TO ALL CAUSES OF ACTION.** On October 23, 2024, at approximately 1440 hours or 2:40 p.m., Defendant UNITED STATES OF AMERICA employee JARRED TEEHAN was driving his personal vehicle, a 2020 Hyundai Elantra, southbound on J Street at Beale Air Force Base. The vehicle was being operated with Defendant's permission, knowledge and consent, in the course and scope of his employment by Defendant. TEEHAN was traveling at an unsafe speed for the conditions.

7. At that same time, Plaintiff MARK VALINE was driving his employer's cement truck northbound on J Street. As TEEHAN's vehicle approached Plaintiff's location, TEEHAN fell asleep while driving, causing his vehicle to suddenly swerve left, without warning, across into oncoming traffic directly into the path of Plaintiff's vehicle. Plaintiff had no opportunity to avoid the collision. TEEHAN's vehicle crashed head-on into Plaintiff's cement truck. The impact was substantial, causing Plaintiff's cement truck to overturn. Both vehicles sustained major property damage.

8. Defendant UNITED STATES OF AMERICA employee JARRED TEEHAN negligently operated his motor vehicle by falling asleep while driving, traveling into the lane of oncoming traffic where Plaintiff was traveling, and negligently collided with Plaintiff's vehicle, thereby causing injuries and damages to Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

9. Plaintiff incorporates herein by reference each and every allegation contained above as though fully set forth herein.

10. JARRED TEEHAN was an employee of the UNITED STATES OF AMERICA and was at all times acting within the course and scope of that employment, with the knowledge and permission of his supervisor. At all relevant times he was on duty and had received permission from his supervisor to drive his personal vehicle while on duty.

11. At all relevant times JARRED TEEHAN negligently operated his vehicle, causing it to cross into oncoming traffic. TEEHAN failed to maintain proper control of his vehicle. TEEHAN failed to operate his vehicle with reasonable care. TEEHAN drove while fatigued. Because TEEHAN was acting in the course and scope of his employment, Defendant UNITED STATES OF AMERICA is liable for his negligent conduct. See 28 U.S.C. §§ 1346(b)(1), 2674, 2679.

12. At all relevant times, supervisory personnel of the UNITED STATES had nondiscretionary duties to implement mandatory fatigue-control measures for duty-related driving. The Department of the Air Force's Traffic Safety Program provides that commanders and supervisors will (i) apply risk management to reduce fatigue-related mishaps in accordance with (IAW) AFI 90-802 (DAFI 91-207 § 3.4.3 (T-0)), and (ii) ensure actions are taken to intervene when unsafe behaviors are identified (DAFI 91-207 § 1.3.4.2 (T-1)). DAFI 91-207 also implements DoDI 6055.04.

13. DoDI 6055.04, Appendix 3C mandates that DoD Components will apply risk-management principles to operator duty and fatigue (App. 3C.3); will provide vehicle operators the opportunity for 8 consecutive hours of rest in any 24-hour period and a 12-hour pre-duty period as free of duties as possible (App. 3C.3(a)–(b)); will limit directed travel in non-tactical vehicles to ≤ 350 miles in 8 hours and ≤ 10 hours' driving in a duty period (App. 3C.3(c)); and, critically, will provide fatigued personnel with an alternate means of transportation or designated rest stops until sufficiently rested, or plan for relief drivers (App. 3C.4(d)).

14. With knowledge that employee Jarred Teehan was fatigued (including reports of dozing at work and a head-bobbing microsleep immediately preceding the crash), his supervisor authorized on-duty directed travel for Teehan to leave the installation and drive his personal vehicle to sleep, instead of providing an alternate means of transportation, arranging a designated rest stop, planning a relief driver, enforcing required rest/duty limits, applying risk-control measures, or otherwise intervening as the above mandatory rules require. These failures violated mandatory directives and

were a proximate cause of Plaintiff's injuries. On information and belief, the unit had not established or enforced the duty-hour and rest controls required by DAFI 91-207 § 3.4.3 and DoDI 6055.04 App. 3C, and no risk assessment was performed IAW AFI/DAFI 90-802.

15. Plaintiff alleges the foregoing mandatory-directive violations as independent negligence of the UNITED STATES (not in conflict with sovereign immunity) under Berkovitz and Gaubert, because the cited rules specifically prescribe the course of action and remove discretion as to whether to let a fatigued employee drive on duty, requiring alternative transportation/rest or relief drivers and supervisory intervention.

16. As a result of Defendant's negligence, Plaintiff MARK VALINE suffered serious personal injuries, including a broken collarbone, multiple fractured ribs (four ribs), a broken right hand, multiple contusions, and traumatic brain injury, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress. The amount sought herein does not exceed the sum certain of $10,000,000 presented administratively, unless Plaintiff qualifies under 28 U.S.C. § 2675(b) for newly discovered evidence or intervening facts that could not reasonably have been discovered or determined before presenting the claim to the federal agency.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant UNITED STATES OF AMERICA for:

    a. Non-economic damages according to proof;

    b. All medical and incidental expenses according to proof;

    c. All loss of earnings according to proof;

    d. Post-judgment interest as provided by 28 U.S.C. § 1961;

    e. All costs of suit; and

    f. Such other and further relief as this Court may deem just and proper.

  Tried to the Court pursuant to 28 U.S.C. § 2402.

DATED: August 21, 2025      **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

              By: _____
                 NOLAN R. JONES